IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE WAYNE MOSS, #601218, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2292-D |
| | ) | |
| TEEN/LIFE CHALLENGE INC., et al., | ) | |
| Defendants. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties:  At the time of filing this action Plaintiff was confined at the Baten ISF Facility of the Texas Department of Criminal Justice – Correctional Institution Division in Pampa, Texas. His whereabouts are presently unknown.  Defendants are Teen/Life Challenge Inc., Paul Ekers, and Kevin Belcher.

The Court did not issue process in this case, pending preliminary screening.  On December 7, 2005, the Court issued a questionnaire and Plaintiff filed his answers on January 5, 2006.  Thereafter, the Court issued a supplemental questionnaire on January 12, 2006.  On February 23, 2006, the Court granted Plaintiff's motion for extension of time to file a response to the questionnaire.  On March 1, 2006, the above order was returned to the court as undeliverable.

Findings and Conclusions:  The filing fee order, filed on December 7, 2005, specifically requires litigant to inform the Court of any change of address and its effective date.  (Filing Fee

Order ¶ 8). While Plaintiff notified the Court of his initial release from TDCJ on February 14, 2006, he has failed to keep the Court informed of any subsequent change of address. The Court is not required to delay disposition in this case until such time as Plaintiff provides his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A copy of this recommendation will be mailed to Plaintiff at his last known address.

Signed this 27th day of March, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

2

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.